# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| Pennsylvania National Mutual Casualty Insurance Company, as subrogee of John F. Stroud & Sons, Inc. and Harry T. Rivers, ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 4:10-cv-00391-JMC |
| v. ) ) | **OPINION AND ORDER** |
| Harold F. Tanner, Sr. and Sid Calvin Legette, ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the court on Plaintiff Pennsylvania National Mutual Casualty Insurance Company's ("Penn National") Motion to Strike Defendants' Jury Demand [Dkt. No. 62]. Defendants Harold Tanner and Sid Legette ("Tanner Defendants") object. For the reasons stated below, the court denies the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a tragic motor vehicle accident in which a tractor driven by Defendant Legette, while in the employ of Defendant Tanner, collided with a car driven by Dennis Jefferson. Jefferson died as a result of the collision. Immediately prior to the accident, Jefferson had been travelling behind a three-vehicle convoy operated by employees of John F. Stroud & Sons ("Stroud Plaintiffs"), which included a pick-up truck escort vehicle and two tractor trailers hauling wide loads approximately 13.5 feet wide. The Tanner Defendants contend that the Stroud Plaintiffs were negligent because the wide load trucks were over the center line when the Stroud vehicles came into contact with a cultivator being pulled by the Tanner Defendants' tractor. The Tanner Defendants

contend that the contact between the Stroud vehicles and the Tanner Defendants' cultivator proximately caused Defendant Legette to collide into Jefferson's car. The Tanner Defendants further contend that the Stroud Plaintiffs' negligence was the sole and proximate cause of the accident.

Jefferson's estate sued the Stroud Plaintiffs and the Tanner Defendants alleging that the parties' joint negligence caused Jefferson's death. After one day of trial, Penn National, on behalf of the Stroud Plaintiffs, unilaterally agreed to settle all claims against the potentially liable parties for $2 million. The trial court accepted the settlement. The trial court's order approving the settlement stated that: "Nothing in this order should be construed as this Court's determination as to whether and to what extent any party should be held liable in the pending Contribution Action," referring to the instant action which had already been filed at the time the state court's order was issued. *See* Amended Order Approving Settlement, at 3 [Dkt. No. 62-1].

In its original complaint for contribution, Penn National requested a jury trial. The Tanner Defendants filed an answer also requesting a jury trial. Penn National subsequently filed the instant motion to strike the Tanner Defendants' jury demand on the grounds that a contribution action is an action in equity for which no right to a jury trial exists. The Tanner Defendants object, arguing in part, that a jury should determine their liability before they can be ordered to pay Penn National in a contribution action.

## DISCUSSION

The Seventh Amendment provides in part that "[i]n suits at common law . . . the right of a trial by jury shall be preserved." U.S. Const. amend. VII. "[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well

as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963). In cases brought pursuant to the federal court's diversity jurisdiction, such as the case at bar, "the substantive dimension of the claim asserted finds its source in state law . . . but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Id.*

Rule 38 of the Federal Rules of Civil Procedure provides that "the right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate" and that a party may demand a jury trial by serving a written demand on the other party, which may be included in a party's pleadings. Fed. R. Civ. P. 38. Rule 39(a) of the Federal Rules of Civil Procedure provides in part:

> When a jury trial has been demanded under Rule 38 the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39.

The United States Supreme Court has construed the language of the Seventh Amendment to "require a jury trial on the merits in those actions that are analogous to "Suits at common law,'" that is, those suits customarily brought in English *law* courts. *Tull v. United States*, 481 U.S. 412, 417-18 (1987) (emphasis in original) (internal citations omitted). However, "actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial." *Id*. Furthermore, the question of whether the Seventh Amendment provides a right to a jury trial "depends on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970).

"Claims for contribution are equitable in nature and therefore not triable to a jury." *S. Carolina Nat. Bank v. Stone*, 749 F. Supp. 1419, 1433 (D.S.C. 1990); *see also* Restatement (Second) of Torts § 886A (1979) ("Contribution is a remedy that developed in equity, and there is a considerable body of case law dealing with the equity rules governing it."). However, in this case, there remain legal issues of liability that have yet to be determined. The settlement agreement between the parties explicitly did not determine whether both parties were liable, and if they were liable, to what extent they were liable. *See* Amended Order Approving Settlement [Dkt. No. 62-1]. This court denied the portion of Penn National's summary judgment motion requesting that the court rule that the Tanner Defendants contributed at least in part to the accident. *See* Order regarding Penn National's Motion for Summary Judgment [Dkt. No. 51]. The court found instead that there were genuine issues of material fact regarding the Tanner Defendants' liability in the underlying action. *See id*. In addition, the Tanner Defendants continue to deny any liability for the accident, arguing that the Stroud Plaintiffs' negligence is the sole and proximate cause of the accident.

As a result, the instant action, though captioned as an action for contribution, first requires a determination of whether the Tanner Defendants are liable in the underlying accident. Claims for negligence involve "rights and remedies of the sort traditionally enforced in an action at law." *In re N-500L Cases*, 691 F.2d 15, 21 (1st Cir. 1982) (*quoting Pernell v. Southall Realty*, 416 U.S. 363, 375 (1974)). As a result, the underlying issue of negligent liability in this case is a legal issue. Therefore, the Tanner Defendants are entitled to a jury trial on the issue of liability in the underlying accident. If and when a jury decides that the Tanner Defendants are liable, the court may then

resolve the equitable claim related to contribution. *See Snider v. Consolidation Coal Co.*, 973 F.2d 555, 559 (7th Cir. 1992) ("When a lawsuit involves both legal and equitable claims, the legal claims must be decided by the jury before the court resolves the equitable claims.").

## CONCLUSION

For the foregoing reasons, the court **DENIES** Penn National's Motion to Strike the Tanner Defendants' Jury Demand [Dkt. No. 62].

**IT IS SO ORDERED.**

*J. Michelle Childs*

J. Michelle Childs
United States District Court

January 11, 2013
Florence, South Carolina